AMASA E. MAINE, APPELLEE, v. MARTIN T. HILL, APPELLANT.

FILED MARCH 28, 1913. No. 17,085.

Appeal: STRIKING AMENDED ANSWER. Where an amended answer does not tender any defense not provable under the original answer, it is not reversible error to strike it.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*James R. Wilhite* and *Edwin Falloon,* for appellant.

*Reavis & Reavis, contra.*

FAWCETT, J.

Plaintiff brought suit in justice court in Richardson county upon an account for goods sold and delivered. Defendant filed an answer and counterclaim. In the district court plaintiff filed a petition substantially the same as the bill of particulars filed in justice court. Defendant filed in the district court the same answer and counterclaim which he had filed in justice court. The reply was a general denial. With the pleadings standing thus, the

case was called for trial and a jury impaneled.  The only record of what then took place is the journal entry of the court, wherein it is recited that the case was called for trial on the petition, answer, and reply, both parties being ready for trial.  Jury impaneled, naming the jurors. "Thereupon this cause came on further to be heard, the opening and closing of the case given the defendant. Whereupon plaintiff objects to the introduction of any testimony on the part of the defendant, and moves the court to instruct the jury to return a verdict for the plaintiff for the amount of his claim with lawful interest.  Whereupon the defendant asked and obtained leave of the court to amend his answer to plaintiff's petition, which being done, the plaintiff moved the court to strike said amended answer from the files, which, after argument of counsel and consideration by the court, was sustained. Defendant excepts.  Thereupon this cause came on further to be heard upon motion of plaintiff for an instructed verdict, and the defendant refusing to answer further, but standing upon his amended answer, said motion instructing the jury to return a verdict in favor of plaintiff was sustained and the jury was so instructed. Defendant excepts."   The verdict of the jury is then set out, and the journal entry proceeds: "Now on this 13th day of October, it still being one of the days of the regular September term, 1910, the cause came on further to be heard on the verdict of the jury returned herein; and, it appearing that no motion to set aside said verdict and for a new trial of this cause has been filed by said defendant, it is now ordered, considered and adjudged by the court that said plaintiff have judgment on said verdict, and that he recover of and from said defendant the sum of," etc.

As defendant made no attempt, after his amended answer was stricken, to offer proof under his original answer, upon which he had asked and been given the right to open and close, but saw fit to stand or fall upon the ruling of the court upon his amended answer, the only

question presented for our review is, whether or not the court erred in striking the amended answer. We have carefully examined both answers, and are unable to discover wherein the amended answer tenders any different defense from that tendered in the original answer. Both answers set out quite fully the fact that the goods purchased by defendant were a worthless kind of cheap jewelry, of no value whatever; that when defendant received the goods he was not aware of their inferior and worthless character, or of the fraud which had been perpetrated upon him; that he tried to and did sell a small portion of them, but, with the exception of a very few instances, all of the goods so sold were returned to defendant, who had to refund to his customers the prices they had paid therefor. The first answer also alleged: "That said defendant has offered, and does now offer, to return all said goods unsold to said plaintiff." This answer was followed by a counterclaim for damages. The amended answer alleged: "But he has held said jewelry subject to the order of plaintiff, and upon the trial of this case he will produce said jewelry in court and tender the same back to the plaintiff. * * * That about $5 of the nominal value of said jewelry, as listed in said contract, which was so sold by this defendant was kept by the purchasers, and for this amount this defendant offers to confess judgment." The counterclaim was abandoned. As the amended answer tendered no defense not included within defendant's original answer, the court did not err in sustaining the motion to strike it from the files. When the amended answer was stricken, defendant made no attempt to offer proof under his original answer, as he might and should have done. As the record shows, he refused to answer further, and elected to stand upon his amended answer. We do not think a party should tenaciously insist upon an amended pleading in a case in the district court which has been appealed from a justice court, and particularly so when, under his original answer, he has stated a defense upon which he was able to

prevail in the justice court. He should not stand idly by and permit judgment to go against him, and then ask this court to reinstate him in the court below. His original answer in the district court tendered a defense. The justice court had sustained that defense, and there is nothing in the record to show that the district court would not have done the same. It should at least have been requested to do so.

AFFIRMED.

SEDGWICK, J., dissenting.

I think the decision is too technical. The defendant says plaintiff delivered fake jewelry as a compliance with the contract, and that it was entirely worthless. The case was fairly tried in justice court, and plaintiff failed; he appealed to the district court, and prevailed on a technicality. He says in his brief that the defendant's amended answer was stricken out because it changed the issues presented in justice court. This court does not justify that technicality, but now finds one, still less plausible, and the defendant is compelled to pay his money for nothing. I think I ought to dissent.

HAMER, J., concurs.